## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH PLANCON, | Civil Action No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | State Court No. 22CV007040 (Court of Common Pleas, Franklin County, Ohio) |
| KIA AMERICA, INC., JOHN DOE CORPORATIONS ONE (1) THROUGH THREE (3), JOHN DOE BUSINESS ENTITIES ONE (1) THROUGH THREE (3), and JOHN DOE INDIVIDUALS ONE (1) THROUGH THREE (3), | JURY TRIAL DEMANDED |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Kia America, Inc. ("Kia America") hereby removes the above-captioned case to the United States District Court for the Southern District of Ohio, Eastern Division. The grounds for removal are as follows:

### THIS COURT HAS REMOVAL JURISDICTION

1.      Plaintiff Joseph Plancon ("Plaintiff") commenced this litigation against Kia America in the Court of Common Pleas, Franklin County, Ohio, Case No. 22CV007040. *See* **Exhibit A**, Plaintiff's Complaint ("Complaint").

2.     Federal law permits defendants sued in state court to remove a "civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3.     Because Franklin County, Ohio is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a).

4.     Venue is also proper in this Court pursuant to 28 U.S.C. §§ 115 and 1441(a), because the United States District Court for the Southern District of Ohio, Eastern Division, is the federal judicial district and division that covers Court of Common Pleas for Franklin County, Ohio, the forum in which this action was originally filed.

## THE REMOVAL IS TIMELY

5.     Kia America's removal of this action to this Court is timely sought.

6.     It has been less than one year since this action was originally commenced. *See* 28 U.S.C. § 1446(c). Plaintiff filed this action on October 10, 2022.

7.     Kia America's removal notice is filed within thirty (30) days of receiving service of suit. *See* 28 U.S.C. § 1446(b). Plaintiff served Kia America with the summons and complaint in this action, via U.S. Mail, on October 12,

2022, at the earliest. Kia America received the summons and complaint in this matter on October 17, 2022. The conservative 30-day removal deadline for this action, then, is November 11, 2022.

8.     Thus, Kia's present filing of this Notice of Removal is timely because it meets all of the foregoing applicable deadlines.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Federal law defines this Court's "original jurisdiction" to include actions where (1) there is complete diversity between plaintiff(s) and defendant(s); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10.     For diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff is domiciled in, and is a citizen, of Ohio. *See* **Exhibit A** ¶ 1 ("Plaintiff Joseph L. Plancon . . . was and is, [sic] a resident of Delaware County, State of Ohio.").

11.     Kia America is a California corporation with its principal place of business in Irvine, California. Kia America is a wholly-owned subsidiary of Kia

Corporation, which is incorporated in South Korea and has its principal place of business in Seoul, South Korea.

12.     As a result, for purposes of the Court's diversity jurisdiction, Kia America is a citizen of California. *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of the state of its incorporation and the state of its principal place of business).

13.     There are no other real defendants from which consent to remove this action is required, pursuant to 28 U.S.C. § 1446(b)(2)(A).

14.     Plaintiff's Complaint does refer to nine ***fictitious*** Defendants in the caption:

- John Doe Corporations One (1) Through Three (3);

- John Doe Business  Entities One (1) Through Three (3);  and

- John Doe Individuals One (1) Through Three (3).

*See* **Exhibit A**.

15.     Plaintiff's "Third Claim" asserts, without explanation, that these nine hypothetical corporations, business entities, and individuals are somehow responsible or otherwise liable for Kia America's allegedly tortious conduct:

> At all times relevant herein, Defendants John Doe Corporations One (1) through Three (3) and/or John Doe Business Entities One (1) through Three (3), and/or John Doe Individuals One (1) through Three (3), whose identities are currently unknown to Plaintiff and have yet to be discovered, ***are liable for the negligent conduct of the Defendant, Kia America, Inc.,*** as well

as the injuries and damages described above, ***either by way of direct causation, vicarious liability, and/or under the Doctrine of Respondeat Superior.***

**Exhibit A**, at ¶ 21 (emphasis added).

16.     Plaintiff's allegations about unknown, fictitious Defendants do not defeat this Court's diversity jurisdiction over this action.  First, the Complaint does not allege the citizenship of any of the fictitious defendants.  But even if it did**,** "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, ***the citizenship of defendants sued under fictitious names shall be disregarded.***" 28 U.S.C. Sec 1441(a) (emphasis added). *See also, e.g.*, *Derungs v. Wal-Mart Stores, Inc.*, 162 F. Supp. 2d 861, 863, n.4 (S.D. Ohio 2001) (explaining well settled law that "John" and "Jane Doe" defendants are disregarded for purposes of removal analysis (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994))). Therefore, the complete diversity between Plaintiff and the sole relevant defendant—Kia America—stands unaffected by the Complaint's reference to fictitious defendants.

17.     Second, as stated in paragraph 11 above, Kia America is a wholly owned subsidiary of Kia Corporation, a South Korean corporation. Thus, no other Ohio corporations, business entities, or individuals are liable or otherwise responsible for Kia America's conduct "either by way of direct causation, vicarious liability, and/or under the Doctrine of Respondeat Superior."

18.    Accordingly, complete diversity exists because Plaintiff is a citizen of Ohio and Kia America is a citizen of California, and the Complaint's reference to John Doe Defendants do not undermine that complete diversity.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

19.    The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While Kia America denies that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiff in the Petition that "the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

20.    For example, Plaintiff demands judgment in  compensatory damages exceeding $25,000. *See* **Exhibit A**, at Prayer for Relief.

21.    Plaintiff claims serious personal injuries from his automotive crash, including "injuries to his right shoulder, right arm, neck, and other parts of his

6

body, causing pain, suffering, and ***permanent injury***." *See Id.* at ¶ 10 (emphasis added).

22.     Plaintiff alleges that he "expects to incur ***future lost earnings*** [and] has suffered a ***permanent impairment in earning capacity***." *Id.* (emphasis added).

23.     Upon information and belief, Plaintiff is 50 years of age.  He alleges the he is employed as a police officer with the City of Columbus, Ohio.  Upon information and belief, he has achieved (at least) the rank of sergeant within the Columbus police department. Plaintiff's (1) current age, (2) employment and rank with a major metropolitan police department, and (3) anticipated remaining working years, suggest that Plaintiff's future wage loss and earning capacity claims will be substantial.

24.     Taken together, Plaintiff's substantive allegations—of serious and permanent injury to multiple parts of his body that limit his earning capacity and generate ongoing expenses—make plain that the amount in controversy more likely than not exceeds $75,000, exclusive or interest and costs.

25.     Courts routinely permit removal of cases where the fair reading of the complaint reveals claims of multiple and permanent injuries allegedly causing wage loss, medical expenses and permanent impairment of future earning capacity—just like Plaintiff's complaint, here. *See, e.g.*, *Halsey et al. v. AGCO Corp.*, Fed. Appx. 524, at *1-*2 (6th Cir. Nov. 8, 2018)  (denying remand where

complaint alleged broken arm and sought damages including for medical expenses, lost wages, property damage, pain and suffering, and permanent impairment of his ability to work and earn money); *Rotschi v. State Farm Mut. Auto. Ins. Co.*, No. 96-5494, 1997 U.S. App. LEXIS 11771, at \*9-\*10 (6th Cir. May 15, 1997) (concluding jurisdictional amount in controversy requirement satisfied in case where Plaintiff claimed injuries to body, arms, legs, and left eye, as well as medical bills in excess of $1,000, and diminished ability to earn money; concluding "the allegations of the complaint reasonably indicated that the claimed injuries were so serious that the amount in controversy would necessarily exceed" jurisdictional limit); *Driscoll v. Wal-Mart Stores E., Inc.*, 2009 WL 4730709, 2009 U.S. Dist. LEXIS 115389, at \*6-7 (S.D. Ohio Dec. 10, 2009) (denying remand and concluding removal proper where complaint alleged multiple injuries, including neck injuries and finger dismemberment and sought damages including for medical bills, lost wages, pain and suffering, and diminished ability to function, "in excess of $25,000"); *Kusmich v. J. C. Penney Corp.*, 2005 WL 2233255, 2005 U.S. Dist. LEXIS 18415, at \*4-5 (N.D. Ohio Aug. 29, 2005) (denying remand where complaint alleged permanent injuries to elbow, arm and shoulder and sought damages for lost wages, future medical expenses and permanent impairment of ability to live and work free from pain, "in excess of $25,000;" reasoning "[b]ecause of the seriousness of Plaintiff's allegations, he would likely receive

more than the federal amount-in-controversy if successful on his claim"); *Henry v. Jolley*, 2018 WL 1473637, 2018 U.S. Dist. LEXIS 48977, at *3-*7 (S.D. Ohio Mar. 26, 2018) (Vascura, Mag.) (Recommending denial of motion to remand and concluding amount of controversy requirement satisfied where plaintiff claimed permanent head, neck, body, and back personal injuries with medical expenses, lost wages, and future earning capacity damages, "in excess of $25,000;" noting ***"[t]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"*** (internal quotes omitted & emphasis added)) (subsequently adopted by *Henry v. Jolley*, 2018 U.S. Dist. LEXIS 65240 (S.D. Ohio, Apr. 18, 2018)).

26.    For the foregoing, reasons, a fair reading of the complaint's permanent personal injury and economic damages allegations reveal the claims at bar more likely than not exceed the amount-in-controversy threshold of $75,000 set by Section 1332(a).

## THIS NOTICE OF REMOVAL IS PROPER

27.    Because there is complete diversity between Plaintiff and Kia America, and because the amount in controversy exceeds $75,000 exclusive of interest and costs, diversity jurisdiction exists under 28 U.S.C. § 1332. This case accordingly falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

28.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the first date on which Kia America received notice of the pleadings setting forth the claims for relief on which this removal is based.

29.     In accordance with 28 U.S.C. § 1446(b), attached as Exhibit A is a copy of "all process, pleadings, and orders served upon" Kia America in this litigation.

30.     Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, a Notice of Notice of Removal will be filed in the Court of Common Pleas, Franklin County, Ohio and will be served on all parties.

31.     If any question arises as to the propriety of the removal of this action, Kia America requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, Defendant Kia America gives notice that the above-captioned litigation has been removed from the Court of Common Pleas, Franklin County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division.

Dated: November 9, 2022                    Respectfully submitted,

                                           DYKEMA GOSSETT PLLC

                                           By: /s/ Clay A. Guise
                                                Clay A. Guise (0062121)
                                                39577 Woodward Avenue,
                                                Suite 300
                                                Bloomfield Hills, MI 48304
                                                Telephone: (248) 203-0797
                                                Facsimile: (855) 242-8119
                                                cguise@dykema.com

                                                *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2022 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a copy of the foregoing to all counsel of record, and to be served via email and First-Class Mail on the following:

> Sara L. McElroy
> Frederic A. Portman
> Agee Clymer Mitchell & Portman
> 1401 E. Town Street, Ste. 1100
> Columbus, Ohio  43215
> smcelroy@ageeclymer.com
> fportman@ageeclymer.com

By: /s/ Clay A. Guise
Clay A. Guise (0062121)

*Attorneys for Defendant*

4871-3735-5581.6