# IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **JOSEPH PLANCON** ) | |
| 96 Gainsway Court ) | CASE NO. _____ |
| Powell, Ohio, 43065 ) | |
| ) | |
| *Plaintiff*, ) | JUDGE _____ |
| v. ) | |
| ) | |
| **KIA AMERICA, INC.** ) | **JURY DEMAND ENDORSED HEREIN** |
| c/o CT Corporation System ) | |
| 4400 Easton Commons Way, Suite 125 ) | |
| Columbus, Ohio 43219 ) | |
| ) | |
| and ) | |
| ) | **COMPLAINT** |
| **JOHN DOE CORPORATIONS** ) | |
| **ONE (1) THROUGH THREE (3)** ) | |
| Names and Addresses Unknown ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN DOE BUSINESS ENTITITES** ) | |
| **ONE (1) THROUGH THREE (3)** ) | |
| Names and Addresses Unknown ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN DOE INDIVIDUALS** ) | |
| **ONE (1) THROUGH THREE (3)** ) | |
| Names and Addresses Unknown ) | |
| ) | |
| *Defendants*. ) | |

Now comes Plaintiff, Joseph L. Plancon, by and through counsel, and states the following:

## FIRST CLAIM

1. At all times relevant herein, Plaintiff, Joseph L. Plancon (hereinafter "Plaintiff"), was and is, a resident of Delaware County, State of Ohio, residing in the city of Powell.

2. At all times relevant herein, Defendant Kia America, Inc., with headquarters and principal place of business in Orange County, California, is licensed and conducts business in the State of Ohio.

3. At all times relevant and material herein, Plaintiff was employed as a Columbus, Ohio Police Officer assigned to drive, in the course of his employment, a 2014 Kia Sorento (hereinafter "vehicle") that was and is owned by the City of Columbus of Columbus, Ohio.

4. The aforementioned vehicle that Plaintiff was operating was manufactured, assembled, inspected, and put through the stream of commerce by Defendant's multinational companies and/or entities that conduct business in the state of Ohio.

5. On October 15, 2020, Plaintiff was operating the aforementioned vehicle southbound on I-71 near the East Fifth Avenue exit when the traffic began to slow, Plaintiff attempted to slow and stop the brakes of the vehicle. However, when Plaintiff attempted to stop the vehicle using the brakes, the brakes failed causing him to strike the vehicle ahead of him.

6. The 2014 Kia Sorento, operated by Plaintiff, was defective because there were leaks inside the hydraulic electronic control unit and this leakage caused the brakes to fail when Plaintiff attempted to activate them, thereby causing the above-referenced accident.

7. Plaintiff further avers that Defendant was aware of the defects in the hydraulic control system prior to the above-referenced accident. However, neither the City of Columbus of Ohio, nor Plaintiff were aware of the defect until Defendant issued a "recall notice" on or about July 2, 2021.

8. Defendant was negligent in the assembling, construction, production, and placement of a defective hydraulic electronic control unit in the vehicle that Plaintiff was operating on

October 15, 2021. Defendant was also negligent in failing to warn the City of Columbus of Ohio and Plaintiff in a timely fashion.

9. Plaintiff states that the above-described acts of negligence directly and proximately caused the injuries and damages listed below.

10. As a direct and proximate result of the above-referenced accident, Plaintiff has suffered injuries to his right shoulder, right arm, neck, and other parts of his body, causing pain, suffering, and permanent injury.

11. As a direct and proximate result of the Defendant's negligence, Plaintiff has incurred medical bills in excess of $3,000.00 and expects to incur future medical costs.

12. As a direct and proximate result of the Defendant's negligence, Plaintiff has lost wages in excess of $1,000.00 and expects to incur future lost earnings. Plaintiff has suffered a permanent impairment in earning capacity.

## SECOND CLAIM

13. Plaintiff incorporates by reference and re-avers the allegations set forth in Paragraph one (1) through twelve (12) as if fully rewritten herein.

14. Plaintiff states that Defendants are engaged in a business to design, formulate, produce, create, make, construct, and assemble the vehicle Plaintiff was operating. Thus, Defendant is a manufacturer pursuant to R.C. §2307.71(9).

15. Plaintiff states that in the alternative that Defendants are suppliers pursuant to R.C. § 2307.71(15)(a) as they conduct, sells, distribute, package, label or otherwise participate in the stream of commerce.

16. Plaintiff states that the vehicle was defective in its manufacture, construction, and design.

17. Plaintiff states the vehicle was defective because it did not conform to representations made by its manufacturer that the braking system did not have defective components.

18. Plaintiff states that the allegations set forth in paragraph fourteen (14) through eighteen (18) constitute a product liability claim as described and set forth in Ohio Revised Code, Sections 2307.71 to 2307.80.

19. Plaintiff states that as a direct result of Defendants' violation of the Ohio Revised Code Sections above, he has suffered injuries, harm, and damages as described and set forth in the First Claim.

### THIRD CLAIM

20. Plaintiff incorporates all allegations contained in the preceding paragraphs as if fully rewritten herein.

21. At all times relevant herein, Defendants John Doe Corporations One (1) through Three (3) and/or John Doe Business Entities One (1) through Three (3), and/or John Doe Individuals One (1) through Three (3), whose identities are currently unknown to Plaintiff and have yet to be discovered, are liable for the negligent conduct of the Defendant, Kia America, Inc., as well as the injuries and damages described above, either by way of direct causation, vicarious liability, and/or under the Doctrine of Respondeat Superior.

22. When the true names of said Defendants John Doe Individuals, Business Entities and Corporations become known, Plaintiff will seek leave to amend this Complaint in accordance with the Ohio Rules of Civil Procedure.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00); and for such other and further relief as the Court may deem appropriate under the law and facts of this case.

Respectfully Submitted,

*/s/ Frederic A. Portman*
Sara L. McElroy (0099672)
Frederic A. Portman (0010382)
**Agee Clymer Mitchell & Portman**
140 E. Town Street, Ste. 1100
Columbus, Ohio 43215
614-221-3318
614-221-7308 (fax)
fportman@ageeclymer.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of eight (8) jurors as to all issues contained herein.

*/s/ Frederic A. Portman*
Frederic A. Portman (0010382)
**Agee Clymer Mitchell & Portman**
fportman@ageeclymer.com

*Counsel for Plaintiff*