IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PLANCON,<br><br>    Plaintiff,<br><br> v.<br><br>KIA AMERICA, INC., JOHN DOE CORPORATIONS ONE (1) THROUGH THREE (3), JOHN DOE BUSINESS ENTITIES ONE (1) THROUGH THREE (3), and JOHN DOE INDIVIDUALS ONE (1) THROUGH THREE (3),<br><br>    Defendants. | Civil Action No. 2:22-cv-03949<br><br>Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Kimberly A. Jolson<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs filed this action against Kia America, Inc. ("Kia");

WHEREAS, the documents or materials identified as "Confidential" or "Subject to Protective Order" contain information that includes proprietary interests, trade secrets, or confidential commercial information, which, along with additional information, provides Kia a competitive advantage. Such an advantage will be irretrievably lost if such information is disclosed outside of this litigation;

WHEREAS, it is Kia's desire to preserve the confidentiality of such information and prevent the information from being acquired by their competitors or anyone outside of this litigation.

IT IS HEREBY STIPULATED and requested that the Court enter the following Stipulated Protective Order for the "Confidential" documents only.

**IT IS HEREBY ORDERED THAT**:

1. The term "Confidential Information" as used in this Stipulated Protective Order shall refer to those documents identified as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" as described below, and to the substance of any information obtained from such documents that are claimed by Kia to contain proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides Kia a competitive advantage that will be irretrievably lost if the information is acquired by competitors of Kia.

2. Materials protected by this Stipulated Protective Order will be designated by:

   a. Typing, stamping, affixing, or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and

   b. Applying such in a manner so as not to obscure any information contained herein.

3. All information, material, and documents designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall be accorded confidential status until such time as determined otherwise pursuant to the following

provisions of the Stipulated Protective Order.

4. Inadvertent or unintentional production of documents or information containing "Confidential Information" that should have been designated "Confidential" or "Produced Pursuant to Protective Order" shall not be deemed a waiver in whole or in part of a party's claims of confidentiality and will continue to be deemed "Confidential Information" upon notice to all parties receiving such inadvertent or unintentional production.

5. Any notes, lists, memoranda, indices, compilations, electronically stored information ("ESI"), reports, records and documents prepared or based on an examination of "Confidential Information" and any summaries of "Confidential Information," which quote from, identify, or refer to the "Confidential Information" with such specificity that the "Confidential Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Information" from which they are made, and shall be subject to all of the terms of the Stipulated Protective Order.

6. All "Confidential Information" shall be used only for this action, shall not be used for any business, commercial, or competitive purposes, **shall not be revealed, discussed, or disclosed in any manner or in any form, to any person, entity, or tribunal other than the following individuals or entities as provided below**:

      a.      The Court in this case and authorized court reporters retained for this case;

      b.      Counsel of record representing the parties receiving the "Confidential Information" and, if reasonably necessary for purposes of prosecuting or defending this action, to the parties themselves or their insurers, but only for the prosecution or defense of this case;

      c.      An employee the law firms representing the parties receiving the "Confidential Information" and to whom it is necessary that the material be shown for the prosecution or defense of this case of this case ;

      d.      Experts or consultants, including persons regularly employed in their offices, retained by a party receiving the "Confidential Information" to assist in the prosecution or defense of this case, but only to the extent necessary for such person to perform their assigned tasks in connection with this case.

7.    "Confidential Information" shall not be shown or disclosed to persons described in paragraphs 6(b), 6(c), and 6(d) until such persons have reviewed this Stipulated Protective Order and sign and date a written agreement to be bound by the terms of this Stipulated Protective Order, which is set forth in Appendix "A" of

this Stipulated Protective Order.

8. The original and copes of the signed Appendix "A" agreement(s), referenced in paragraph 7 above, shall be maintained in the possession, custody, and control of counsel for each party receiving "Confidential Information." Kia may seek a court order requiring disclosure of such signed copies to them.

9. All persons who receive "Confidential Information" and/or material or information accorded the status of confidentiality in this case shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Protective Order.

10. Copies of discovery responses and documents containing "Confidential Information" shall not be filed with the Court, except in accordance with Paragraph 11.

11. In the event that any document, material, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, response thereto, exhibit to a request for production or response, request for admission, response thereto, exhibit to a request for admission or response, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes "Confidential Information," such filings shall be submitted in sealed envelopes and other appropriate containers endorsed to the effect that they are

subject to this Stipulated Protective Order by reason of containing "Confidential Information" and shall be maintained under seal and not disclosed, except to the Court, and except upon further Order of this Court.

12. To the extent that any "Confidential Information" is used in the taking of depositions, such "Confidential Information" shall remain subject to the provisions of this Stipulated Protective Order. At the time any "Confidential Information" is used in any deposition, counsel for the parties must inform the reporter of this Stipulated Protective Order. The reporter shall operate in a manner consistent with this Stipulated Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing Confidential Information. The Confidential Information shall be bound separately and counsel for the Defendant producing the "Confidential Information" shall retain custody of that portion of the original transcript containing Confidential Information and/or "Confidential" documents. Those pages in any transcript referring to Confidential Information shall include a stamp identifying all such pages as "Confidential" and/or "Subject to Protective Order."

13. Kia may designate depositions or other testimony concerning the documents and the information contained therein as "Confidential Information" by:

    a. Stating orally on the record the day the testimony is given that the information is expected to be "Confidential;" or,

  b. Sending written notice designating those portions of the deposition or other testimony to be treated as "Confidential," within 30 days after the deposition.

The court reporter shall operate in a manner in consistent with this Stipulated Protective Order if s/he receives confidential designations from Kia as described in subparagraphs (a) or (b) above, and shall then prepare an original transcript segregating the confidential portions of the deposition, including documents and other exhibits containing "Confidential Information." **Counsel for Kia shall retain custody of that portion of the original transcript containing Confidential Information.**

  14. Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required. Any party may apply to the Court for relief from limitations if such party deems such relief is required.

  15. Nothing in this Stipulated Protective Order shall prevent any disclosure if the designating party consents to such disclosure.

  16. The execution of this Stipulated Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

  17. Failure by a party to challenge the confidentiality of any document or

information at the time of receipt thereof shall not preclude a subsequent challenge. In the event a party to this action disagrees with the designation of any information as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER", the party shall, with the "Confidential Information" submitted under seal, set forth with specificity the items challenged and seek an Order designating the material in question as "Confidential Information." The party asserting that documents or other tangible litigation materials constitute "Confidential Information" shall bear the burden of proof that the criteria of this Stipulated Protective Order apply. Any information as to which such motion is made shall remain "Confidential Information" under the provisions of this Stipulated Protective Order until further Order of the Court.

18. Nothing contained in this Stipulated Protective Order shall prevent a party to this action from using its own Confidential Information and material in any way that it sees fit, or from revealing its own Confidential Information and material to whomever it chooses, without prior consent of any person or of the Court. In addition, the terms of this Stipulated Protective Order do not preclude Kia from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with Kia's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, *et seq*.

19. After the conclusion of this litigation as to Kia, all "Confidential Information," all copies thereof, and all documents that contain or reflect "Confidential Information," including, but not limited to any notes prepared by the parties receiving the "Confidential Information," counsel for such parties, or such parties' experts, shall be returned to counsel for Kia and all electronic copies will be destroyed and deleted from any computers, hard drives, servers or cloud storage. The party given the "Confidential Information" will certify compliance with this paragraph **in writing**. All "Confidential Information" shall remain subject to the terms of this Stipulated Protective Order. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "Confidential Information" after conclusion of this litigation.

20. This Stipulated Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by noticed motion, with notice given to each of the parties.

21. Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Stipulated Protective Order and the parties agree to take reasonable steps to maintain the confidentiality of any "Confidential Information" at any hearing or upon trial of this matter in such a

manner and until such time as the Court may direct and/or as the parties may otherwise agree. Before any such presentation of "Confidential Information," Kia shall be provided with no less than 21 days' notice so that Kia may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the "Confidential Information."

IT IS SO ORDERED.


Date:  March 3, 2023                  /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE


**So Stipulated**:

**DYKEMA GOSSETT PLLC**

By:  */s/ Clay A. Guise*
     Clay A. Guise (0062121)
     39577 Woodward Avenue, Suite 300
     Bloomfield Hills, MI 48304
     cguise@dykema.com
     *Attorneys for Defendant*


**AGEE CLYMER MITCHELL & PORTMAN**

By:  */s/ Frederic A. Portman*
     Frederic A. Portman (0010382)
     140 E. Town St. #1100
     Columbus, Oh 43215
     fportman@ageeclymer.com

     *Attorneys for Plaintiff*

*Joseph Plancon v. Kia America, Inc., et al.*
**USDC-Southern District of Ohio Case No. 2:22-cv-03949**
**APPENDIX A TO STIPULATED PROTECTIVE ORDER**

I, _____, certify that I have read the Stipulated Protective Order dated March 3, 2023, entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Stipulated Protective Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Stipulated Protective Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Protective Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Stipulated Protective Order.

_____
(signature)

_____
(print name)

Sworn to and subscribed before me this day of _____, 2023.

_____
Notary Public